IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CHRISTOPHER KNOX, Inmate #B-61090,** )
)
        **Plaintiff,** )
)
vs. ) CIVIL NO. 07-835-GPM
)
**KELLY RHODES,** *et al.***,** )
)
        **Defendants.** )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

      Plaintiff filed the instant complaint on November 29, 2007, along with a motion to proceed *in forma pauperis* (*see* Docs. 1, 3, 4). On January 16, 2008, the Court granted Plaintiff's motion (Doc. 5). The Court waived the payment of an initial partial filing fee and directed that monthly payments be made towards the filing fee from Plaintiff's prison account. *Id*. This case is now before the Court, *sua sponte*, to reconsider Plaintiff's pauper status.

      28 U.S.C. § 1915 gives authority to federal courts to "authorize the commencement . . . of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees[.]" That authority, however, is constrained by § 1915(g) which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state claim upon which relief my be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision is commonly referred to as the "three strikes rule." When an

action is dismissed as frivolous, malicious, or for failing to state a claim, it is sometimes stated that such dismissal is a "strike" for purposes of § 1915(g). If a prisoner accumulates three "strikes" he is out of luck in so far as proceeding *in forma pauperis*, unless he can establish that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A court reviewing a prisoner's motion to proceed *in forma pauperis* must determine whether the prisoner has accumulated three or more prior "strikes." If so, the prisoner cannot proceed *in forma pauperis* (unless he alleges that he is under "imminent danger of serious physical injury"). Because § 1915(g) operates to prevent an action from being "brought" if the prisoner has "on . . . ***prior*** occasions" accrued too many strikes, strikes incurred *after* an action is "brought" do not factor into the Court's analysis. Although § 1915 does not define the point at which an action is "brought," Rule 3 of the Federal Rules of Civil Procedure provides that "[a] civil action is commenced by filing a complaint with the court." It is axiomatic that a civil action is "brought" when the action is "commenced" under Rule 3. Thus, a civil action is "brought" for purposes of § 1915(g) when a complaint is filed with a court.

As noted above, the instant complaint was filed on November 29, 2007. Consequently, this Court must examine any dismissals occurring prior to that date in any of Plaintiff's other civil actions. The Court has found at least seven cases in which Plaintiff had a complaint or portion of a complaint dismissed prior to November 29, 2007.

In *Knox v. Walker*, Case No. 07-cv-1032 (C.D. Ill., filed Feb. 12, 2007), the Court stated "all other claims based on federal law . . . are dismissed for failure to state a claim." (Order entered March 23, 2007, at Doc. 6.) Although the Court allowed other claims asserted by Plaintiff to go forward, this dismissal counts as a strike for purposes of § 1915(g). *See George v. Smith,* 507 F.3d 605, 607-08 (7th Cir. 2007); *Bouriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004). This is strike

one.

In *Knox v. Cox*, Case No. 05-cv-1017 (C.D. Ill., filed Jan. 21, 2005), the entire action was dismissed for failure to state a claim. Under § 1915(g), this is strike two.

In *Knox v. Carlton*, Case No. 03-cv-1327 (C.D. Ill., filed Oct. 9, 2003), Plaintiff's claims of deliberate indifference to his serious medical needs were dismissed for failure to state a claim. (Order entered March 22, 2005, at Doc. 59.) Once again, although the Court allowed other claims asserted by Plaintiff to go forward, this dismissal counts as a strike for purposes of § 1915(g). *See George v. Smith,* 507 F.3d 605, 607-08 (7th Cir. 2007); *Bouriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004). This is strike three.[1]

Because these dismissals count as strikes, Plaintiff has "struck out," and he may only proceed as a pauper if his allegations show that he is in imminent danger of serious physical injury. The Seventh Circuit has explained that "imminent danger" requires a "real and proximate" threat or prison condition. *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm are not sufficient to state imminent danger; "the harm must be imminent or occurring at the time the complaint is filed." *Id.* A plaintiff has not sufficiently alleged imminent danger where he states a past injury that has not recurred. *Id.* "By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to ***prevent impending harms***, not those

---

[1] Other strikes are found in *Knox v. Schomig*, Case No. 03-cv-1377 (C.D. Ill., filed Nov. 13, 2003) (several claims dismissed under § 1915A, in order entered July 16, 2004 – Doc. 24); *Knox v. Wainscott*, Case No. 03-cv-1429 (N.D. Ill., filed May 13, 2003) (several claims dismissed under § 1915A, in order entered May 13, 2003 – Doc. 5); *Knox v. Pierson*, Case No. 01-cv-1467 (C.D. Ill., filed Nov. 21, 2001) (defendants dismissed for failure to state a claim against them, in order entered July 24, 2002 – Doc. 23); *Knox v. Bryant*, Case No. 02-cv-4363 (N.D. Ill., filed June 24, 2002) (defendants dismissed pursuant to FRCP 12(b)(6), in order entered Dec. 30, 2002 – Doc. 18). *See also Knox v. Navarro*, Case No. 07-cv-50053 (N.D. Ill., filed April 3, 2007) (order detailing strikes and revoking *in forma pauperis* status entered June 24, 2008 – Doc. 57).

harms that had already occurred." *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3rd Cir. 2001) (emphasis added). Examples of imminent danger include being repeatedly placed near one's enemies, despite prior assaults, *see Ashley v. Dilworth*, 147 F.3d 715 (8th Cir. 1998); an untreated mouth infection that had caused the extraction of five teeth, *see McAlphin v. Toney*, 281 F.3d 709 (8th Cir. 2002); and failure to treat a chronic disease, such as Hepatitis C, that "could result in serious harm or even death constitutes a 'serious physical injury,'" *see Ibrahim v. District of Columbia*, 463 F.3d 3, 7 (D.C. Cir. 2006).

A review of Plaintiff's fact allegations in the instant complaint do not indicate that he is under "imminent danger of serious physical injury." Consequently, Plaintiff may not proceed *in forma pauperis*.

**IT IS HEREBY ORDERED** that Plaintiff's leave to proceed *in forma pauperis* is **REVOKED**, and the order granting such leave (Doc. 5) is **VACATED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay the full filing fee of $350.00 for this action within **FIFTEEN (15) DAYS** of the entry of this Memorandum and Order.

**IT IS FURTHER ORDERED** that if Plaintiff does not comply with this Memorandum and Order in the time allotted, this case will be closed for failure to comply with an Order of this Court. FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

**IT IS SO ORDERED.**

DATED: 08/19/08

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge